## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| BRANDEN MCGUIRE, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 4:21-CV-1310 ACL |
| JENNIFER CLEMONS-ABDULLAH, | ) ) ) |
| Respondent. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on review of Branden McGuire's "Affidavit and Notice of Habeas Corpus Petition." Also before the Court is petitioner's application to "Enjoin and Stop State Prosecution" attached to his petition.

After review of documents provided by petitioner, the Court finds that the petition is defective as written because it was not filed on a court form. Additionally, petitioner has failed to pay the $5 filing fee or file an application to proceed in forma pauperis in this action. As such, the Court will direct petitioner to file an amended petition on a court-provided form and either pay the filing fee or file an application to proceed in forma pauperis.

### Discussion

Petitioner Branden McGuire is a pretrial detainee at the St. Louis City Justice Center. He initiated this action by filing a handwritten document titled "Affidavit and Notice of Habeas Corpus Petition." Also attached to the petition is a document titled, "Enjoin and Stop State Prosecution."

The filings are difficult to decipher but it seems that petitioner is arguing that the state court lacks the jurisdiction to hold him because "he has paid his debt to society." He asserts that he

"should not have to report to a parole officer." And he seeks to have this Court "enjoin and discharge the parole sentence" and collect monetary damages.[1]

Petitioner is currently awaiting trial on felony charges of tempering with a motor vehicle in the first degree, felony resisting arrest by fleeing from a law enforcement officer in a motor vehicle, and felony possession of methamphetamine. *State v. McGuire*, Case No. 2122-CR01489 (22nd Jud. Cir., St. Louis City Court).

Habeas corpus is generally a post-conviction remedy. *Peyton v. Rowe*, 391 U.S. 54, 59 (1968); *see also Jones v. Perkins*, 245 U.S. 390, 391 (1918) (stating that it "is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial"). Pursuant to 28 U.S.C. § 2241(c)(3), however, a petitioner may file a petition for writ of habeas corpus if he or she "is in custody in violation of the Constitution or laws or treaties of the United States," regardless of whether he or she is in custody pursuant to the judgment of a state court. *Compare* 28 U.S.C. § 2254(a) (stating that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States") (emphasis added), *with* 28 U.S.C. § 2241(c)(3) (stating that the "writ of habeas corpus shall not extend to a prisoner unless … [h]e is in custody in violation of the Constitution or laws or treaties of the United States").

Thus, a state court defendant attempting to litigate the authority of his or her pretrial detention may bring a habeas petition pursuant to § 2241. *See Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992) (stating that it "is well established that federal district courts can entertain pretrial

---

[1] A petitioner may not collect monetary damages in an action for habeas corpus. If petitioner wishes to seek monetary damages, he must bring an action pursuant to 42 U.S.C. § 1983.

habeas petitions"); *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (stating "that a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241"); *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987) (stating that pretrial habeas petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him"). Here, petitioner is a pretrial detainee arguing that his detention is unlawful and as such, his petition for writ of habeas corpus will be construed as seeking relief under 28 U.S.C. § 2241.

However, in this case, the petition is defective because it has not been drafted on a Court-provided form. E.D. Mo. Local Rule 2.06(A). Also, the petition does not substantially follow the form prescribed by the Court. Rule 2(d) of the Rules Governing § 2254 Cases ("The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."). Therefore, the Court will direct the Clerk of Court to send petitioner the Court's form "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241." Petitioner will have twenty-one (21) days from the date of this Order to file an amended petition on the court-provided form, as well as to either pay the $5 filing fee or file a motion to proceed in form pauperis.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court is directed to mail to petitioner a copy of the Court's form "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241."

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail to petitioner a copy of the Court's form "Motion to Proceed In Forma Pauperis and Affidavit in Support – Habeas Cases."

**IT IS FURTHER ORDERED** that petitioner shall file an amended petition on the Court-provided form within **twenty-one (21) days** of the date of this Order. Petitioner is advised that

his amended petition will take the place of his original petition and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that petitioner shall either pay the $5 filing fee or submit the "Motion to Proceed In Forma Pauperis and Affidavit in Support – Habeas Cases" within **twenty-one (21) days** of the date of this Order.

**IT IS FINALLY ORDERED** that if petitioner fails to comply with this Order, the Court will dismiss this action without prejudice.

Dated this ___ day of November, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE