UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRANDEN MCGUIRE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:21-CV-1310 ACL |
| | ) |
| JENNIFER CLEMMONS-ABDULLAH, | ) |
| | ) |
| Respondent. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Branden McGuire's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. For the reasons discussed below, the application for writ of habeas corpus will be summarily dismissed.

**Background**

Petitioner is currently incarcerated at St. Louis City Justice Center awaiting trial in a state criminal action.[1] He refers to his state case in his habeas petition.

A criminal complaint was filed against petition in St. Louis City court on October 7, 2021. *State v. McGuire*, No. 2122-CR01489 (22nd Judicial Circuit, St. Louis City Court). Officer Brett Carlson stated in the complaint that he was attempted to make s traffic stop on petitioner on Delmar Boulevard in St. Louis on or about October 6, 2021. At that time, petitioner was driving a 2011 Kia Sportage purportedly without the consent of the owner. Petitioner was charged with felony tampering of a motor vehicle, as well as felony fleeing/resisting arrest and possession of methamphetamines/controlled substances of 35 grams or less. According to the complaint filed

---

[1] The Court may take judicial notice of judicial opinions and public records. *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005).

by Officer Carlson, rather than stopping the vehicle he was driving at the time Officer Carlson attempted to pull him over, petitioner fled from the Officer and "created a substantial risk of serious physical injury or death to other persons in that defendant operated a motor vehicle at speeds above the marked limit, violated stop signs, and violated traffic signals."

Petitioner was taken into custody on the date of his arrest, October 7, 2021. No bond was set for petitioner at that time, as he was found to be a danger to the community or another person. On October 8, 2021, petitioner had an initial arraignment in front of the Honorable Michael Noble.[2] A detention hearing was held, and defendant entered a plea of not guilty. *State v. McGuire*, No. 2122-CR01489 (22nd Judicial Circuit, St. Louis City Court). Petitioner was once again denied bond based on the charges filed. A new bond hearing was set for October 15, 2021.

On October 15, 2021, a hearing was held relative to petitioner's request for bond. Petitioner was again represented by counsel at this hearing.

A grand jury indictment was filed with the same three charges on or about November 5, 2021. *State v. McGuire*, No. 2122-CR01489-01 (22nd Judicial Circuit, St. Louis City Court). Petitioner remains confined in the St. Louis City Justice Center.

Petitioner was previously charged, on or about August 29, 2012, with possession of methamphetamines with intent to manufacture, distribute, deliver a controlled substance, in Phelps County Missouri. *See State v. McGuire*, No. 13PH-CR00433 (25th Judicial Circuit, Phelps County Missouri). Petitioner plead guilty to the charges and was sentenced on June 19, 2013, to a suspended execution of sentence (SES) of ten (10) years' imprisonment in the Missouri Department of Corrections and five (5) years' probation. Petitioner was also sentenced to 120 days of shock incarceration in the Phelps County Jail which was also suspended.

---

[2] Petitioner was represented by counsel at this hearing.

On January 8, 2015, petitioner's probation was revoked. *Id*. Petitioner served 120 days of shock incarceration at that time, after which time he was again sentenced to the same term of imprisonment he had previously been sentenced on June 19, 2013.

On November 23, 2015, petitioner's probation was again revoked. *Id.* Petitioner was assigned 120 days of shock incarceration, after which time he was sentenced to the same term of imprisonment he had previously been sentenced on June 19, 2013. Meaning, that petitioner was given a ten-year (10) sentence of imprisonment in the Missouri Department of Corrections that was suspended (SES) pending five years (5) probation from the date of his sentence on November 23, 2015.

### The Petition and the Amended Petition

Petitioner originated this action by filing a handwritten document titled, "Affidavit and Notice of Habeas Corpus Petition" on November 1, 2021. Also attached to the petition was a document titled, "Enjoin and Stop State Prosecution."

Petitioner's documents were difficult to decipher, but he appeared to argue that the state criminal court currently pursuing charges against him lacked jurisdiction over him because he had "paid his debt to society." He asserted that he should not have had to report to a parole officer. And he sought to have this Court enjoin and discharge his parole sentence. He also sought to collect monetary damages from respondent, Jennifer Clemmons-Abdullah.

Because petitioner's claims were difficult to discern and his petition was defective as it was not on a court-provided form, the Court ordered petitioner to amend his petition on a court-form. Petitioner filed an amended petition on a court-form on November 22, 2021.

In his amended petition, filed pursuant to 28 U.S.C. § 2241, petitioner asserts that he is litigating his "parole out of Phelps County Missouri." He claims that he is "being denied the natural

liberties of a free man in society…and that his [incarceration] violates 4th and 14th Amendment rights." He states that he has scheduled his life around his parole, and he has had to take off work to report to his parole officer. He also complains that he was "violated" for "reporting directives," which put a financial strain on his family. Petitioner states that he is seeking discharge from parole. He claims that he has not received a final disposition.

Petitioner additionally states that he is currently being held in "harsh conditions" at the St. Louis City Justice Center, asserting that he has been subjected to mace and made to sleep on the floor.

Last, petitioner asserts that he is being held without bond, which he believes is a punishment. He claims that his 5th and 6th Amendment rights have been violated. Petitioner asserts that he has been incarcerated since October 6, 2021, and he would like to be given bond. He also states that he only had a public defender enter a limited appearance on his behalf during his detention hearing.

Petitioner asks that his current charges be dismissed with prejudice. Petitioner additionally seeks $250,000 in this action.

**Discussion**

Having carefully reviewed the instant Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, the Court determines petitioner's arguments have no basis in law or fact, and the petition will be denied and summarily dismissed.

To the extent petitioner is attempting to bring this action for habeas relief from his parole revocation, it must be dismissed due to petitioner's failure to exhaust his state court remedies. Under Missouri state law, the sole avenue for relief for a person challenging a probation revocation is to file a petition for writ of habeas corpus under Missouri Supreme Court Rule 91 in the Circuit

Court for the county of confinement. State prisoners may not directly appeal an order revoking their probation, *Winegar v. State*, 967 S.W.2d 265, 266 (Mo. Ct. App. 1998) (citation omitted), nor are such orders normally reviewable under Missouri Supreme Court Rules 29.15 or 24.035. *Teter v. State,* 893 S.W.2d 405, 405-06 (Mo. Ct. App. 1995). After exhausting his state court remedies, petitioner could only bring an action in this Court pursuant to 28 U.S.C. § 2254. *See Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (stating that not only was § 2254 an appropriate vehicle for state prisoner's claims, but it was also, "as a practical matter, the only vehicle"). *See also Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal habeas court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"). For the aforementioned reasons, petitioner's claims relating to his parole revocation are not yet exhausted and cannot be brought in this Court.

Regarding petitioner's claims that he was improperly denied bond in his current state criminal action, he has also failed to properly exhaust such a claim prior to bring this claim to federal court. The Eighth Amendment[3] provides that: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. While the primary function of bail is to safeguard the role of courts in adjudicating the guilt or innocence of defendants, the only substantive limitation is that the "conditions of release or detention not be excessive in light of the perceived evil." *United States v. Salerno*, 481 U.S. 739, 754 (1987). In determining whether bail is unconstitutional, a defendant's mere financial inability to post an amount does not automatically indicate excessiveness. *White v. United States*, 330 F.2d 811, 814 (8th Cir. 1964).

---

[3]The Eighth Amendment flows to state petitioners through the Fourteenth Amendment.

Federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981). Due to this reluctance to interfere, and in the interest of comity between state and federal courts, a petitioner is required to exhaust state remedies before seeking habeas relief. *See Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979). *See also Montano v. Texas*, 867 F.3d 540, 542 (5th Cir. 2017) (stating that "it has long been settled that a Section 2241 petitioner must exhaust available state court remedies before a federal court will entertain a challenge to state detention"). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court." *Dever v Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Petitioner has failed to exhaust his state remedies with regards to bail. Missouri's Supreme Court Rules allow a person detained and unable to meet the conditions of release to have those conditions "reviewed by the court which imposed them." Mo. Ct. R. 33.05. If a court "sets inadequate or excessive conditions," the accused may seek a remedial writ in a higher court. Mo. Ct. R. 33.09. There is no indication that petitioner has attempted to have his bond conditions reviewed by Missouri's appellate courts pursuant to Missouri's Supreme Court Rules. Thus, he has not exhausted his state remedies. He has also failed to establish any "special circumstances" that would allow him to avoid the exhaustion requirement. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (stating that "exceptions to the exhaustion requirement apply only in extraordinary circumstances" and that the burden is on petitioner to demonstrate such circumstances).

The purpose of exhaustion is to protect the role of state courts in enforcing federal law and to prevent disruption of state judicial proceedings. *Rose v. Lundy*, 455 U.S. 509, 518 (1982). If petitioner could proceed without exhausting his state remedies, it would place this Court in the

position of second-guessing the state court judge and interrupting the state adjudication of petitioner's case. The Court therefore declines petitioner's request to rule upon the constitutionality of his bond before he has utilized the state court mechanisms for such review. As such, petitioner's excessive bail claim must be dismissed.[4]

Last, petitioner's assertions regarding his conditions of confinement at the St. Louis City Justice Center cannot be brought within the confines of a habeas corpus action, and instead must be brought pursuant to a civil rights action in this Court. To that end, the Court will supply petitioner with a court-form for filing a prisoner civil rights action.

For the above stated reasons, petitioner's application for habeas corpus under § 2241 must be denied.

## Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. Rule 4 applies to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). For the reasons discussed above, it plainly appears that petitioner is not entitled to relief on his § 2241 petition. Therefore, the petition will be summarily dismissed.

In addition, because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483-85 (2000).

---

[4]Petitioner asserts in a conclusory fashion that his Sixth Amendment rights were also violated, but he does not state any facts regarding his "speedy trial" rights. The Court notes that review of Missouri.Case.Net shows that petitioner has only been incarcerated for approximately two months at this time. Additionally, there is no indication on the docket that petitioner has invoked his speedy trial rights.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus under 28 U.S.C. § 2241, as well as his amended application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED**, and this case is **DISMISSED**. A separate order of dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that to the extent petitioner has any civil rights claims within his petition relating to his conditions of confinement, those claims are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall provide petitioner a court-form for filing a prisoner civil rights action, as well as an accompanying application for proceeding without paying fees or costs.

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue.

So Ordered this 14th day of December, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE